# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENENG LIANG,<br><br>               Plaintiff,<br><br>   v.<br><br>EMILIA BARDINI,<br><br>               Defendant.<br>_____/ | Case No. 1:24-cv-00769-KES-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL AND VACATING SCHEDULING CONFERENCE**<br><br>(Doc. 13)<br><br>**TWENTY-ONE DAY DEADLINE** |

      Plaintiff, proceeding *pro se*, filed the complaint in this action on April 23, 2024. (Doc. 1)

      On October 25, 2024, the Court issued an order directing Plaintiff to file proof of service and/or a status report indicating whether they contend to continue to prosecute this case by no later than January 23, 2025. (Doc. 13.) To date, Plaintiff has not filed proof of service, a status report, or requested an extension of time within which to do so.

      The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or to obey a court order. *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d

1  128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*,
2  779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

3  **Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute his case.** Alternatively, within that same period, Plaintiff may file a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if he fails to act within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

In view of the foregoing, **the Scheduling Conference set for January 30, 2025, is VACATED, to be reset, if appropriate, on a later date**.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **January 29, 2025**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

2