UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENENG LIANG,<br><br>         Plaintiff,<br><br>    v.<br><br>EMILIA BARDINI,<br><br>         Defendant. | No. 1:24-cv-00769-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>Doc. 15 |

On April 23, 2024, plaintiff Zeneng Liang, proceeding pro se, initiated this action against defendant Emilia Bardini by filing a complaint in the Northern District of California. Doc. 1. On July 2, 2025, the case was transferred to this district. Doc. 10. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(l)(B) and Local Rule 302.

On October 25, 2024, the assigned magistrate judge issued a minute order noting that plaintiff had not filed proof of service of the complaint on defendant and ordered plaintiff to file by January 23, 2025, a proof of service and/or status report indicating whether plaintiff intended to continue prosecuting the case. Doc. 13. Plaintiff did not respond to that order. *See* docket. On January 29, 2025, the magistrate judge issued an order requiring plaintiff to show cause as to why a recommendation should not issue for this action to be dismissed for plaintiff's failure comply with the Court's order and for failure to prosecute, or alternatively, to file a notice of voluntary dismissal. Doc. 14. Plaintiff was cautioned that the failure to take action within 21

1

days would result in a recommendation of the dismissal of this action. *Id.* at 2. Plaintiff did not file any response to the order to show cause. *See* docket.

On August 1, 2025, the magistrate judge issued findings and recommended that the case be dismissed due to plaintiff's failure to comply with the Court's orders and failure to prosecute. Doc. 15. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within 14 days after service. *Id.* at 2. To date, no objections have been filed and the time to do so has passed.[1] *See* docket.

Pursuant to 28 U.S.C. § 636(b)(l), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court finds the findings and recommendation are supported by the record.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and failure to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a court order, the Court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court finds that the *Henderson* factors weigh in favor of dismissal. Plaintiff has

---

[1] On August 13, 2025, the findings and recommendations were returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward." *See* docket. Local Rule 183(b) provides that:
> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). More than thirty days have passed since the findings and recommendations were returned as undeliverable and plaintiff has not contacted the Court to provide a current address or to request an extension of time in which to do so. And though the findings and recommendations served on plaintiff were returned as undeliverable, they were properly served. *See* L.R. 182(f) (absent notice of a pro se party's change of address, service of documents at the prior address of record is fully effective).

1  failed to respond to the October 25, 2024 minute order and the January 29, 2025 order to show
2  cause.  The public's interest in expeditious resolution of litigation and the Court's need to manage
3  its docket weigh in favor of dismissal because the Court cannot effectively manage its docket nor
4  can the litigation be expeditiously resolved if plaintiff does not litigate his case. *See Yourish v.*
5  *Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution
6  of litigation always favors dismissal.").

As to the third factor, the risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).

Finally, the Court's warnings in its January 29, 2025 order to show cause, that plaintiff's failure to act would result in the dismissal of this action, Doc. 14, satisfies the "considerations of the alternatives" requirement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff.

///
///
///
///
///
///
///
///
///

3

Accordingly:

1. The findings and recommendations issued on August 1, 2025, Doc. 15, are adopted;
2. This action is dismissed without prejudice due to plaintiff's failure to obey court orders and failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 24, 2025

UNITED STATES DISTRICT JUDGE

4